# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

JORGE GUZMÁN PÉREZ,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO.: 18-1209 (MEL)

## OPINION AND ORDER

Pending before the court is Jorge Guzmán Pérez's ("Plaintiff") appeal from the decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits under the Social Security Act. ECF Nos. 1, 12. Plaintiff, who applied for disability alleging lumbar spine degenerative disease, obesity, and affective disorder, alleges that the SSA violated his Fifth Amendment procedural due process rights. Plaintiff also claims that the administrative law judge erroneously disregarded evidence and failed to use a medical advisor.

### I.     Procedural and Factual Background

On December 27, 2011, Plaintiff filed an application for Social Security benefits alleging that on June 16, 2011 ("the onset date"), he became unable to work due to disability. Tr. 705.[1] Plaintiff previously worked as a janitor. Tr. 125. This application was denied on July 2, 2012, and upon reconsideration on May 8, 2013. Tr. 400, 419. Thereafter, Plaintiff requested a hearing, which was initially scheduled for April 2, 2014. Tr. 447. The hearing was canceled after an extensive fraud investigation conducted by the United States Department of Justice and the

---

[1] "Tr." refers to the transcript of the record of proceedings.

Social Security Administration's ("the SSA") Office of the Inspector General ("OIG") resulted in the indictment of treating psychiatrist Dr. Erica Rivera Castro, one of the doctors who supplied evidence in Plaintiff's disability application. See Tr. 503-39; 579-81. On September 22, 2014, Dr. Rivera Castro pleaded guilty to a one count Information which charged her with failing to keep documents or make required entries in violation of 26 U.S.C. § 5603(b). Tr. 636-44. On June 19, 2015, the OIG determined that there was "reason to believe" fraud may have been involved in evidence supplied by Dr. Rivera Castro and informed the SSA in a referral letter. Tr. 579-81.

Plaintiff appeared before Administrative Law Judge Henry Kramzyk ("the ALJ") via video teleconferencing on June 24, 2016. Tr. 130-48. On January 13, 2017, the ALJ issued a written decision finding that Plaintiff was not disabled under the Act, and thus not entitled to disability benefits for the period of June 16, 2011, Plaintiff's alleged onset date, through December 31, 2016, the date last insured. Tr. 127. In his decision, the ALJ made a determination pursuant to section 405(u)(1)(B) that there was insufficient evidence of fraud or similar fault. Tr. 114. Accordingly, the ALJ did not disregard evidence submitted by Dr. Rivera Castro. Id. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner, subject to judicial review. Tr. 1-4. Plaintiff filed a complaint on April 16, 2018. ECF No. 1. Both parties have filed supporting memoranda. ECF Nos. 12, 15.

## II.     Legal Standard

**A. Standard of Review**

Once the Commissioner has rendered a final determination on an application for disability benefits, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing [that decision], with or without

remanding the cause for a rehearing." 42 U.S.C. § 405(g). The court's review is limited to determining whether the ALJ employed the proper legal standards and whether his factual findings were founded upon sufficient evidence. Specifically, the court "must examine the record and uphold a final decision of the Commissioner denying benefits, unless the decision is based on a faulty legal thesis or factual error." López-Vargas v. Comm'r of Soc. Sec., 518 F. Supp. 2d 333, 335 (D.P.R. 2007) (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam)).

Additionally, "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard requires "'more than a mere scintilla of evidence but may be somewhat less than a preponderance' of the evidence." Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

While the Commissioner's findings of fact are conclusive when they are supported by substantial evidence, they are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam) (citing Da Rosa v. Sec'y of Health & Human Servs., 803 F.2d 24, 26 (1st Cir. 1986) (per curiam); Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam)). Moreover, a determination of substantiality must be made based on the record as a whole. See Ortiz, 955 F.2d at 769 (citing Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). However, "[i]t is the responsibility of the [ALJ] to determine issues of credibility and to draw inferences from the record evidence." Id. Therefore, the court

3

"must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**B. Disability under the Social Security Act**

To establish entitlement to disability benefits, a plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137, 146 n.5, 146–47 (1987). An individual is deemed to be disabled under the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Claims for disability benefits are evaluated according to a five-step sequential process. 20 C.F.R. § 404.1520; Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Yuckert, 482 U.S. at 140–42. If it is determined that plaintiff is not disabled at any step in the evaluation process, then the analysis will not proceed to the next step. 20 C.F.R. § 404.1520(a)(4). At step one, it is determined whether plaintiff is working and thus engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he is, then disability benefits are denied. 20 C.F.R. § 404.1520(b). Step two requires the ALJ to determine whether plaintiff has "a severe medically determinable physical or mental impairment" or severe combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If he does, then the ALJ determines at step three whether plaintiff's impairment or impairments are equivalent to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If so, then plaintiff is conclusively found

to be disabled. 20 C.F.R. § 404.1520(d). If not, then the ALJ at step four assesses whether plaintiff's impairment or impairments prevent him from doing the type of work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). In assessing an individual's impairments, the ALJ considers all of the relevant evidence in the case record to determine the most the individual can do in a work setting despite the limitations imposed by his mental and physical impairments. 20 C.F.R. § 404.1545(a)(1). This finding is known as the individual's residual functional capacity ("RFC"). Id. If the ALJ concludes that plaintiff's impairment or impairments do prevent him from performing his past relevant work, the analysis proceeds to step five. At this final step, the ALJ evaluates whether plaintiff's RFC, combined with his age, education, and work experience, allows him to perform any other work that is available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines that there is work in the national economy that plaintiff can perform, then disability benefits are denied. 20 C.F.R. § 404.1520(g).

### C. The ALJ's Determination

The ALJ acknowledged that he was required to determine whether fraud or similar fault was involved in the evidence from Dr. Rivera Castro pursuant to section 405(u)(1)(B) because of the DOJ and OIG fraud investigation. Tr. 114. The ALJ found insufficient evidence of fraud or similar fault in the case, and thus did not disregard Dr. Rivera Castro's report. Id. Then, the ALJ considered the remaining evidence to determine whether Plaintiff was disabled from June 26, 2011 (his alleged onset date) through December 31, 2016 (his date last insured). Tr. 116.

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016. Id. Then, at step one of the sequential evaluation process, the ALJ found that Plaintiff did not engage in substantial gainful activity during the relevant period. Tr. 116-17. At step two, the inquiry as to severe impairments resulted in the ALJ determining

5

that Plaintiff had mild lumbar spine degenerative disc disease, obesity, and an affective disorder. Tr. 117. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments. Tr. 117-19. Next, the ALJ determined that during the relevant period

> [Plaintiff] had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) with additional limitations including being able to lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequent; sit for up to 6 hours out of an 8 hour workday; and stand and/or walk up to 6 hours out of an 8 hour workday. He was able to occasionally climb ramps and stairs, occasionally balance or stoop, but never climb ladders, ropes, or scaffolds, and never crouch, kneel, or crawl. The claimant was able to understand, remember, and carry out short, simple, routine instructions. He was able to sustain attention and concentration for 2-hour periods at a time and for 8 hours in the workday on short, simple, routine instructions. The claimant was able to use judgment in making work decisions related to short, simple, routine instructions; and he required an occupation with set routine and procedures, and few changes during the workday. He was limited to no fast-paced production work; was able to maintain regular attendance and be punctual within customary tolerances; and he was able to perform activities within a schedule. He needed to avoid concentrated exposure to hazards such as unprotected heights and dangerous machinery.

Tr. 119. At step four, the ALJ determined that through the date last insured, Plaintiff could not perform his past relevant work as a janitor. Tr. 125-26. At step five, when considering Plaintiff's vocational factors, the ALJ found that Plaintiff was a young individual who completed high school. Tr. 126. The ALJ also determined that Plaintiff was not able to communicate in English, but he was not illiterate. Id. The ALJ presented Plaintiff's RFC limitations, as well as his age, education, and work experience to a vocational expert. Tr. 144-46. The vocational expert testified, taking all of these factors into account, that an individual would be able to perform the requirements of the following representative occupations: laundry aid, cleaner, and inspector and hand packager. Tr. 145. Because there was work in the national economy that Plaintiff could perform, the ALJ concluded that he was not disabled. Tr. 127.

## III. Legal Analysis

Plaintiff makes an exhaustion of remedies argument that is not applicable to this matter. ECF No. 12, at 7-11. Plaintiff asks for a waiver to the "exhaustion" requirement to seek federal judicial relief pursuant to section 405(g). But, Plaintiff exhausted his administrative remedies by seeking Appeals Council review of the ALJ's decision; the argument regarding waiver of the exhaustion requirement is moot. See Tr. 1.

### A. Due Process

First, Plaintiff alleges that the SSA violated his due process rights when it failed to comply with section 404.988(c)(1) which provides that a final determination may be reopened if the Commissioner finds that the determination was obtained by fraud or similar fault. 20 C.F.R. § 404.988(c)(1). Specifically, Plaintiff argues that the SSA violated his due process rights by reopening his case without an individualized finding of fraud. ECF No. 12, at 6.

Plaintiff misstates the facts. This case does not involve a reopening where previously granted benefits were subsequently denied. Plaintiff was denied benefits in his disability application. Tr. 127. Therefore, Plaintiff's arguments that are premised upon the SSA's reopening of this case are irrelevant because a reopening never occurred here.

Second, Plaintiff's argument that the ALJ erred in disregarding evidence without making a specific finding of fraud in his case is also irrelevant. The ALJ did not disregard any evidence. Tr. 114. During an initial determination of entitlement, the Commissioner "shall disregard any evidence if there is reason to believe that fraud or similar fault was involved in the providing of such evidence." 42 U.S.C. § 405(u)(1)(B). Here, the ALJ determined that there was "insufficient evidence, in this case, of fraud or similar fault," and did not disregard evidence by Dr. Rivera

7

Castro. Tr. 114. Plaintiff's due process arguments are wholly inapplicable in this case because there was no reopening and evidence was not disregarded.

**B. The ALJ's Decision**

Plaintiff alludes to several arguments at the end of his brief. Specifically, Plaintiff mentions an objection from 2014 to conducting his hearing by video teleconference, the ALJ's alleged failure to use a medical advisor or consider Grid Rule 201.17, and the ALJ's alleged error in finding significant jobs existed in the national economy. ECF No. 12, at 12.

First, regarding Plaintiff's 2014 objection, Plaintiff objected in writing to conducting the 2014 hearing by video teleconference. Tr. 149, 486. The hearing was subsequently cancelled due to the DOJ and OIG fraud investigation and a new hearing was scheduled for June 24, 2016. Tr. 547. The hearing notice informed Plaintiff that video teleconferencing would be used at the 2016 hearing. Tr. 548. In the "Acknowledgment of Receipt (Notice of Hearing)," Plaintiff did not object to the use of video teleconferencing at the 2016 hearing. Tr. 185. Also, Plaintiff did not cite to any evidence that he raised the objection to the ALJ at the 2016 hearing. Thus, Plaintiff's 2014 objection to video teleconferencing was waived.

Next, Plaintiff claims that the ALJ erred in not using a medical advisor. There is no requirement that an ALJ take testimony from a medical expert. The ALJ has discretion whether to request additional evidence. See 20 C.F.R. § 404.1520b(b)(1). Here, the ALJ determined Plaintiff's RFC from the record and his decision relied upon several sources. For example, the ALJ cited to examining internist Dr. Miguel F. Godreau Negrón who observed that "claimant had a normal musculoskeletal examination, normal range of motion, 5/5 muscle strength, normal gait, normal sensation, and no muscle atrophy." Tr. 120, 973-76. The ALJ also relied on state agency examiners Dr. Pedro Nieves and Dr. Lourdes Marrero. Dr. Nieves found that Plaintiff

8

was limited to light work activity with additional limitations for "climbing ramps/stairs, climbing ladders, ropes, and scaffolds, balancing, stooping, kneeling, crouching, and crawling." Tr. 125, 396-97. Dr. Nieves also found that Plaintiff could lift 20 pounds occasionally, 10 pounds frequently, and stand for about 6 hours in an 8-hour workday. Tr. 396. Dr. Marrero affirmed Dr. Nieves's assessment upon reconsideration. Tr. 403-19. The ALJ also relied upon treating cardiologist Dr. Roberto Pérez-Gutiérrez who found that Plaintiff was in the obese category of adults. Tr. 120, 928. Considering Plaintiff's obesity and other impairments, the ALJ found that Plaintiff was restricted to light work. Tr. 120. The ALJ's RFC determination is supported by substantial evidence and Plaintiff has not identified any gaps in the record. See Gordils v. Sec'y of Health and Human Servs., 921 F.2d 327, 329 (1st Cir. 1990) (recognizing that an ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, as long as the Secretary does not overstep the bounds of a lay person's competence and render a medical judgment.").

Third, Plaintiff argues that the ALJ erred in not considering Grid Rule 201.17. Plaintiff's argument is inapplicable to this case. Grid Rule 201.17 applies to individuals limited to sedentary work. See 20 C.F.R. Part 404, Subpart P, Appendix 2, Sec. 201.17. Here, the ALJ determined that Plaintiff was limited to light work. Tr. 119.

Lastly, Plaintiff claims the ALJ erred in his determination that there are significant jobs available in the national economy for individuals with a similar RFC. The ALJ presented Plaintiff's RFC limitations, as well as his age, education, and work experience to the vocational expert. Tr. 144-46. The vocational expert testified, taking all of these factors into account, that an individual would be able to perform the requirements of the following representative occupations: laundry aid, cleaner, and inspector and hand packager. Tr. 145. The hypothetical

posed to the vocational expert was based on the ALJ's RFC finding and the ALJ is entitled to rely on the vocational expert's testimony. See Berríos-López v. Sec'y of Health and Human Servs., 951 F.2d 427, 429 (1st Cir. 1991) ("The ALJ was entitled to credit the vocational expert's testimony as long as there was substantial evidence in the record to support the description of claimant's impairments given in the ALJ's hypothetical to the vocational expert.").

In determining whether there is work which exists in the national economy, it does not matter whether there is work in the immediate area in which Plaintiff lives, there is a specific job vacancy for Plaintiff, or whether Plaintiff would be hired if he applied for work. Id. at § 404.1566(a). Here, the vocational expert testified that there were 85,000 positions nationally for the job of laundry aid, 115,000 positions nationally for the job of cleaner, and 28,000 positions nationally for the job of inspector and hand packager. Tr. 127. The ALJ's determination that there are significant jobs available in the national economy for individuals with a similar RFC is supported by substantial evidence.

## IV.     Conclusion

Based on the foregoing analysis, the Court concludes that the decision of the Commissioner that Plaintiff was not entitled to disability benefits was supported by substantial evidence. Therefore, the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of November, 2019.

s/Marcos E. López  
U.S. Magistrate Judge